UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAVID SCHNORR, an individual, | ) | Case No.: 2:10-cv-01047-GMN-LRL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| KONSTANTINOS KOURIS, an individual; LYUDMYLA RADCHENKO, an individual; ALL REAL ESTATE, INC., a Nevada corporation f/k/a ALL REAL ESTATE, LLC; MERIDIAN LV, LLC, a Nevada Limited-Liability company; NATIONWIDE CAPITAL ASSET CORPORATION, a Nevada corporation; DOES 1 through 10; and ROE CORPORATIONS 11 through 20, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## INTRODUCTION

Before the Court is Plaintiff's David Schnorr's Motion to Remand pursuant to 28 U.S.C. §1441(b) and for Costs and Fees pursuant to 28 U.S.C. §1447(c) (ECF No. 7). Defendants filed a Response on August 2, 2010 (ECF No. 11) and an Amended Response on the same day (ECF No. 12). Plaintiff filed a Reply on August 11, 2010 (ECF No. 13).

## FACTS AND BACKGROUND

This suit arises from a breach of contract between Plaintiff David Schnorr and Defendants Konstantinos Kouris and Lyudmyla Radchenko. Also named as Defendants are All Real Estate, Inc. f/k/a All Real Estate, LLC, Meridian LV, LLC, and Nationwide Capital Asset Corporation which are all companies that are alleged to be wholly owned and controlled by both Kouris and Radchenko.

Plaintiff filed a Complaint on May 24, 2010 in the Eighth Judicial District Court for the State of Nevada, County of Clark, alleging the breach of a contract involving the purchasing, repairing and reselling of Meridian at Hughes Center Condominiums condominium units which had been foreclosed upon. (Complaint 3:23-28, 4:1-16, ECF No. 1-2).  In addition to the breach of contract claim, Plaintiff alleges four (4) Nevada common law causes of action and one (1) Nevada statutory cause of action. (*See* Complaint, ECF No. 1-2).

The summons and complaint were served on Defendant Kouris, on May 28, 2010. (Defendants' Statement 1:27-28, 2:1, ECF No. 6).  In Defendants' Statement Regarding Removal, Defendants admit that process was served on all Defendants by serving Defendant Kouris on May 28, 2010. (*Id.* at 2:24-27).  Defendants filed a petition for removal based on diversity of citizenship on June 28, 2010. (ECF No. 1).[1]  Plaintiff filed the instant Motion to Remand on July 16, 2010. (ECF No. 7).

## DISCUSSION

**A.    Motion to Remand**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  District courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  A civil action brought in state court may be removed by the defendants to a federal district court if the district courts have original jurisdiction over the matter. 28 U.S.C. § 1441(a).

---

[1] Petition for removal was filed by Defendants Radchenko, All Real Estate, Inc, and Nationwide Capital Asset Corp. In the petition, Defendants claim that the case is stayed as to Defendant Kouris as he is currently in Chapter 11 Bankruptcy, Case No. 10-16105-mkn. (ECF No.1)

1   Removal statutes are strictly construed against removal jurisdiction. *Ritchey v.
2   Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998); *Gaus v. Miles, Inc.*, 980 F.2d
3   564, 566 (9th Cir. 1992). "'Federal jurisdiction must be rejected if there is any doubt as
4   to the right of removal in the first instance.'" *Gaus*, 980 F.2d at 566 (quoting *Libhart v.
5   Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The defendant always
6   has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

7   Any civil action claiming diversity jurisdicton shall only be removed "if none of
8   the parties in interest properly joined and served as defendants is a citizen of the State in
9   which such action is brought." 28 U.S.C. § 1441(b). Plaintiff is a resident of the State of
10  California. (Complaint 2:1-3, ECF No. 1-2). While Defendants Kouris and Radchenko
11  claim to be citizens of a foreign state, they do admit, however, that their corporations and
12  limited liability company entities are Nevada chartered and that they operate in Nevada.
13  (Pet. for Removal 2:14-20, ECF No. 1). Accordingly, Defendants do not dispute that this
14  case should be remanded to state court and admit that Defendants Nationwide Capital
15  Asset Corp., and All Real Estate, Inc., are both Nevada corporations and citizens of
16  Nevada pursuant to 28 U.S.C. §1332(c)(1). Therefore, the Court will remand this suit to
17  state court.

18  **B.    Attorney's Fees**

19  "An order remanding the case may require payment of just costs and any actual
20  expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §
21  1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when
22  the removing party has an objectively reasonable basis for removal." *Martin v. Franklin
23  Capital Corp.*, 546 U.S. 132, 136 (2005). However, the Court may award attorney's fees
24  in the absence of the defendant's bad faith. *Balcorta v. Twentieth Century-Fox Film
25  Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

1  Plaintiff requests an award of costs and attorney's fees if the case is remanded
2 back to state court pursuant to 28 U.S.C. §1447(c). (Plaintiff's Mot. to Remand 2:7–9,
3 ECF No. 7).  Defendants claim to have attempted to remove the action in good faith
4 based on a misunderstanding of the law.  Defendants' counsel claims to have believed
5 that in order to determine diversity, the Court only examines the parties that were actually
6 served and that only Mr. Kouris and Ms. Radchenko were served when the petition for
7 removal was filed. (Amended Response 3:14-19, ECF No. 12).
8  However, Plaintiff argues that Defendants filed the Petition for Removal with the
9 intent to delay these proceedings.  Specifically, Plaintiff alleges that Defendants filed the
10 Petition for Removal to prevent an Order to Show Cause hearing that was scheduled to
11 take place in state court.  In their Petition for Removal, Defendants did not state adequate
12 grounds for removal based upon diversity of citizenship.  Defendants' petition for
13 removal was very vague with regard to citizenship of the parties and in regards to
14 whether or not all of the parties were served.  Defendants did not give any indication that
15 Kouris and Radchenko are actually citizens of another state and only proffered a vague
16 statement that they are foreign citizens.  Furthermore, Defendants' statement that service
17 of process *may* not have been effectuated on the corporation and limited liability
18 companies was not very compelling.  The petition stated that Defendants were served
19 when Mr. Kouris was served with the summons and complaint, but that they did not have
20 access to the proof of service filed in state court. (Pet. for Removal 2:14-20, ECF No. 1).
21 Finally, the timing of the filing of improper removal just prior to the Show Cause hearing
22 scheduled in state court is very suspect.
23  This Court does find that Defendants have improperly removed this action in bad
24 faith.  Nevertheless, in the alternative and absent such a finding of bad faith, this court
25 also finds that Defendants have also failed to provide an objectively reasonable basis for

removal.  Therefore, the Court grants Plaintiff's Motion for Attorney Fees and Costs.

## **CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 7) is GRANTED on the basis that the removal was procedurally defective because the parties lacked complete diversity of jurisdiction.

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney Fees and Costs is GRANTED.  The Court will award Plaintiff reasonable attorney fees and costs.

DATED this 22nd day of December, 2010.

_____
Gloria M. Navarro
United States District Judge