# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAVID SCHNORR, an individual, | ) | Case No.: 2-10-cv-01047-GMN-LRL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| KONSTANTINOS KOURIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

 Before the Court is Plaintiff David Schnorr's Statement for Attorney Fees and Costs (ECF No. 16). Defendants filed an Opposition to Plaintiff's Statement of Fees and Costs (ECF No. 17) and Plaintiff filed a Reply (ECF No. 19).

 On December 22, 2010 this Court entered an Order remanding the case to state court and granted costs and fees pursuant to 28 U.S.C. § 1447(c). (ECF No. 15). This Court found that the removing party acted in bad faith and lacked an objectively reasonable basis for removal and therefore awarded attorney's fees and cost. Plaintiff's statement does not contain an itemization of costs but does contain a statement of attorney's fees in compliance with Local Rule 54-16. The total amount requested for attorney's fees is $5,755.00. Associate A. Roman Pacheco worked 21.25 hours on the motions at an hourly rate of $250. Partner Lance W. Johns worked 1.5 hours at a rate of $295 per hour. Plaintiff gives a brief summary of the items listed under LR 54-16(b)(3). After a review of Plaintiff's statement the Court finds that the requested amount is reasonable.

 Defendants do not object to the hourly rate of these parties, only to the amount of time reported. However, the Court does not find that the number of hours spent on research and in preparation of the motions is unreasonable.

Plaintiff further petitions the Court to hold Defendants' counsel jointly and severally liable for the fees and costs under Fed. R. of Civ. P. Rule 11.  Plaintiff argues that under Rule 11 Defendants' counsel is barred from presenting any document to the court for the improper purpose including filing a document with the intent to cause unnecessary delay.  Plaintiff alleges that Defendants' counsel created an unnecessary delay by filing the removal.  However, there has been no finding by this court that the purpose of the removal was to cause unnecessary delay, only that the timing appeared suspect.  Therefore, a Rule 11 sanction will not be granted.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Fees and Cost (ECF No. 16) is **GRANTED in part** and **DENIED in part**.

Plaintiff is awarded $5,755.00 as reasonable attorney's fees and costs, but Defendants' counsel is not jointly and severally liable for the award amount.

DATED this 5th day of May, 2011.

_____
Gloria M. Navarro
United States District Judge